# EXHIBIT A

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR ALACHUA COUNTY, FLORIDA

CASE NO.:

FRANK TETI,

        Plaintiff,

v.

BLACK & DECKER (U.S.), INC., a foreign
profit corporation,

        Defendant.

_____/

## **COMPLAINT**

    Plaintiff, FRANK TETI, by and through undersigned counsel hereby sues Defendants

BLACK & DECKER (U.S.), INC., ("BLACK & DECKER"), a foreign profit corporation, and

alleges:

### **Jurisdiction and Venue**

    1.    This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00).

    2.    At all times material to this action, Plaintiff, FRANK TETI, is, and at all relevant

times was, a resident of Alachua County, Florida.

    3.    At all times material to this action, Defendant, BLACK & DECKER is a foreign

corporation, registered and doing business throughout the State of Florida, for which it receives

substantial revenue.

    4.    At all times material to this action, BLACK & DECKER submitted itself to the

jurisdiction of this Honorable Court by doing, personally or through its agents, the following

acts:

        (a)    Committing a tortious act within this state by designing, manufacturing,

selling, and delivering defective blowers, including the blower which is the subject of this Complaint, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers. Such blowers were used by consumers in Florida in the ordinary course of commerce and trade;

(b)    Conducting and engaging in substantial business and other activities in Florida by designing, manufacturing, and selling blowers, including the blower which is the subject of this Complaint, to persons, firms, and corporations in this state via its distributors, dealers, wholesalers, and brokers. Such blowers were used by consumers in Florida in the ordinary course of commerce and trade;

(c)    Causing injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant engaged in solicitation activities in Florida to promote the sale, consumption, and use of blowers, including the blower which is the subject of this Complaint;

(d)    Designing, manufacturing, and selling blowers, including the blower which is the subject of this Complaint, with knowledge or reason to foresee that its blowers would be shipped in interstate commerce and would reach the market of Florida users or consumers; and

5.    Further, at all times material to this action, BLACK & DECKER remained registered with the State of Florida as a foreign profit corporation with a listed registered agent for service of process in the state of Florida.

6.    Accordingly, at all times material to this action, BLACK & DECKER voluntarily submitted itself to the jurisdiction of this court.

7.    Jurisdiction and Venue are proper in Alachua County because the subject incident occurred, and thus the cause of action accrued, within the boundary of Alachua County, Florida. *See §§47.011, 47.510, Fla. Stat. (2023).*

**The Incident and Products**

8.    On or about April 14, 2021, FRANK TETI was using a Black and Decker BV6600 electric blower/vacuum/mulcher ("Subject Blower") designed, manufactured, distributed, and marketed by BLACK AND DECKER.

9.    On or about April 14, 2021, as FRANK TETI was using the Subject Blower to clean the outside of his home with his son, when the fan cover suddenly, and without warning, unlatched thereby causing FRANK TETI's hand to be sucked into the exposed blades.

10.    As a result of the fan cover's unexpected unlatching, FRANK TETI sustained severe injuries to his hand, including his third and fourth fingers on his left hand which required surgery.

**COUNT I**
**Strict Liability against BLACK & DECKER**

11.    Paragraphs 1 through 10 are realleged.

12.    At all relevant times, BLACK & DECKER was engaged in the business of designing, manufacturing, constructing, selling, and distributing blowers to the public, including the Subject Blower.

13.    **Product.**  BLACK & DECKER placed the Subject Blower on the market with knowledge that it would be used without inspection for defects and dangers.

14.    BLACK & DECKER knew, or should have known, that ultimate users, operators, and consumers would not and could not properly inspect this product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

15.    **Defects.**  The Subject Blower was defective and unreasonably dangerous to ultimate users, operators, and consumers when sold and distributed by BLACK & DECKER

3

because of design, manufacturing, and inspection defects that caused the fan cover to unlatch unexpectedly posing a laceration hazard, including the following:

    (a)    The Subject Blower was manufactured without adequate quality control measures and inappropriate manufacturing procedures resulting in an impeller being installed that was insufficient for its intended use;

    (b)    The Subject Blower components were defectively designed;

    (c)    The Subject Blower components were defectively manufactured;

    (d)    The specifications for the impeller on the Subject Blower were inappropriate and incapable of performing the intended function;

    (e)    The specifications for the housing on the Subject Blower were inappropriate and incapable of having the housing contain the impeller pieces, part of its intended function

    (f)    The quality control process utilized by BLACK & DECKER was inappropriate and failed to identify the impeller and housing on the Subject Blower as being out of specification;

    (g)    The testing, or failure to test, the Subject Blower was insufficient to identify the components as being defective and unreasonably dangerous;

    (h)    The Subject Blower was defective in design in that BLACK & DECKER failed to incorporate technologically and economically feasible alternative designs which would have prevented this accident;

    (i)    The specifications for the Subject Blower were improper.

16.    On the date of the failure, the Subject Blower was substantially unchanged from its condition, as set forth above, when sold and distributed by BLACK & DECKER.

17.    For the reasons set forth above, the Subject Blower was unreasonably dangerous to foreseeable users, including FRANK TETI, who used the Subject Blower in an ordinary and foreseeable manner.  At the time BLACK & DECKER released the defective Subject Blower into the stream of commerce, non-defective blower components were economically and technologically feasible and their use on the blower would have been a safer alternative design

which would have significantly reduced the risk of FRANK TETI's injuries without substantially impairing the utility of the Subject Blower.

18.    **Causation and Proximate Causation.**  The defects described above directly and proximately caused the failure of the Subject Blower and the injuries to FRANK TETI in that they directly and in natural and continuous sequence produced or contributed substantially to his injuries.

19.    **Damages.**  As a direct and proximate result of the foregoing defects, FRANK TETI sustained physical injury and damages that include; past and future medical expense, lost wages, disability, inconvenience, loss of capacity to enjoy life, mental anguish, pain and suffering, in the past, and continuing into the future.

**WHEREFORE**, Plaintiff FRANK TETI, demands judgment against BLACK & DECKER for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

**COUNT II**
**Negligence against BLACK & DECKER**

20.     Paragraphs 1 through 10 are realleged.

21.    At all relevant times, the BLACK & DECKER was engaged in the business of designing, manufacturing, constructing, selling, and distributing blowers to the public, including the Subject Blower.

22.    **Duty.**  BLACK & DECKER knew, or in the exercise of due care should have known, that the Subject Blower would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiffs.  BLACK & DECKER was under a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute,

5

and sell the Subject Blower in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Blower, including FRANK TETI.

23.    **Breach.**  BLACK & DECKER breached its duty of reasonable care owed to FRANK TETI in one or more of the following ways:

(a)    Negligently designing the Subject Blower;

(b)    Negligently constructing the Subject Blower;

(c)    Negligently manufacturing the Subject Blower;

(d)    Negligently testing or failing to test the Subject Blower;

(e)    Negligently inspecting or failing to inspect the Subject Blower for defects;

(f)    Negligently failing to provide proper specifications for the blower components to the manufacturer of the blower components;

(g)    Negligently warning or failing to warn Plaintiff of defects in the Subject Blower which the BLACK & DECKER either knew, or should have known, existed;

(h)    Marketing, promoting, advertising, and representing that the Subject Blower was suitable for use when, if fact, it was not; and

(i)    Marketing, promoting, advertising, and representing that the Subject Blower was a safe product when, in fact, BLACK & DECKER knew that it was not because the components would fail during normal and foreseeable use.

24.    **Causation and Proximate Causation.**  The acts and omissions described above directly and proximately caused the failure of the Subject Blower and the injuries to FRANK TETI in that they directly and in natural and continuous sequence produced or contributed substantially to his injuries.

25.    **Damages.**  As a direct and proximate result of the foregoing defects, FRANK TETI sustained physical injury and damages that include; past and future medical expense, lost

wages, disability, inconvenience, loss of capacity to enjoy life, mental anguish, pain and suffering, in the past, and continuing into the future.

**WHEREFORE**, Plaintiff FRANK TETI, demands judgment against BLACK & DECKER for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 9th day of February 2023

/s/ *M. Jesse Stern, Esquire*_____
**C. RICHARD NEWSOME, ESQUIRE**
Florida Bar No.:  827258
**M. JESSE STERN, ESQUIRE**
Florida Bar No.:
**MELANIE M. PENAGOS, ESQUIRE**
Florida Bar No.:
**NEWSOME MELTON**
201 South Orange Avenue, Suite 1500,
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile:  (407) 648-5282
*Attorneys for Plaintiffs*
*Emails for service:*
stern@newsomelaw.com
penagos@newsomelaw.com
zoraida@newsomelaw.com
sandy@newsomelaw.com

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ALACHUA</u>   COUNTY, FLORIDA

<u>Frank Teti c/o Newsome Melton</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>Black & Decker (U.S.), INC., a foreign profit corp</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Michael Jesse Stern        Fla. Bar # 118440
        Attorney or party              (Bar # if attorney)

Michael Jesse Stern           02/09/2023
  (type or print name)           Date

Case 1:23-cv-00034-AW-ZCB    Document 1-1    Filed 02/22/23    Page 12 of 26

THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA
ADMINISTRATIVE ORDER NO. 3.09

## STANDING CASE MANAGEMENT ORDER IN COUNTY AND CIRCUIT CIVIL CASES

**WHEREAS**, AOSC20-23 (amendment 10) requires the chief judge of each judicial circuit to promulgate an administrative order adopting a formal case management protocol for civil cases; and

**WHEREAS**, AOSC20-23 (amendment 10) requires the Chief Judge to cause a case management order establishing certain deadlines to be served in every civil case, it is hereby

**ORDERED:**

**1.** The presiding judge in each civil case shall actively manage all civil cases and shall strictly comply with Florida Rule of Judicial Administration 2.545(a), (b) and (e).

**2.** This order does not apply to cases proceeding under the Small Claims Rules; to landlord/tenant actions; to actions for unlawful detainer; or to any action requiring summary procedure pursuant to section 51.011, Florida Statutes.

**3.** A system of differentiated case management shall be utilized in civil cases, which requires designation of each case as one of the following: complex, streamlined, or general.

**4.** Complex civil cases shall be so designated pursuant to the criteria in Florida Rule of Civil Procedure 1.201. Upon such designation, complex civil cases shall proceed as stated in that rule.

**5.** Factors to be considered by the trial judge in designating a case as streamlined shall include, but are not limited to, cases in which:

| | |
|---|---|
| (a) | There are no more than two parties; |
| (b) | Issues of liability and damages are not complex; |
| (c) | Relatively few pretrial motions are anticipated; |
| (d) | The need for discovery is limited; |
| (e) | There are relatively few witnesses anticipated; |
| (f) | Documentary evidence is anticipated to be minimal; |
| (g) | The trial is anticipated to take no longer than two (2) days; or |
| (h) | the case is otherwise likely to resolve in less than twelve months. |

"2023 CA 000527" 166459350 Filed at Alachua County Clerk 02/09/2023 10:32:25 AM EST

**6.**     Any case not specifically designated as complex or streamlined shall be categorized as general.

**7.**     In each civil case, the standing civil case management order (attached hereto as Appendix A) shall be signed by the plaintiff and filed in the court file along with the complaint. The plaintiff shall cause the standing order to be served, along with the complaint, on each named defendant. The Clerk shall not accept a civil case for filing without submission of the signed standing order.

**8.**     Deadlines established herein shall be strictly enforced. This order may be modified when the case is at issue by further order of the court.

**ORDERED ON** this __23__ day of April 2021.

Mark W. Moseley, Chief Judge

IN THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA

**STANDING CASE MANAGEMENT ORDER**

[AOSC20-23]

**THIS ACTION** is before the court for case management pursuant to AOSC20-23 (Amendment 10). Therefore, it is **ADJUDGED** that:

1. This case is provisionally designated as a general civil case.

2. **TRIAL DATE**: The projected date for a non-jury trial shall be the first regular trial term taking place one year after the date of filing. The projected date for a jury trial shall be the first regular trial term taking place eighteen months after the date of filing. A firm trial date will be established by the presiding judge when the case is at issue. Trial term dates for each civil division are published on the Eighth Judicial Circuit Court website at https://circuit8.org/court-calendars/master-calendars/. In county court cases, any case redesignated by the trial court as a streamlined case, in cases where the parties request it, or in any other case the trial court deems it appropriate, the trial date may be adjusted to take place sooner. Judges shall apply a firm continuance policy allowing continuances only for good cause shown.

3. **SERVICE**: Unless otherwise extended by court order for good cause shown, service of complaints should be completed within 120 days of filing. Requests for the addition of new parties shall be filed within 180 days of filing.

4. **DISCOVERY:** Fact and expert discovery shall be completed 60 days prior to the trial date set forth above.

5. **PRETRIAL MOTIONS**: Objections to pleadings and pretrial motions shall be resolved a minimum of 30 days prior to the trial date set forth above. Prior to filing ANY motion, counsel

filing the motion shall confer with opposing counsel by telephone or in person in a good faith attempt to resolve the motion. The motion shall contain a good faith statement reflecting the date and time of the conference with opposing counsel. A statement that counsel attempted to confer with opposing counsel is insufficient unless the good faith statement details the date and time of at least three attempts to confer that occurred within the one-month period immediately prior to the filing of the motion.

6. **MEDIATION**: The parties shall conclude mediation at least 90 days prior to the trial date set forth above.

7. Deadlines established herein shall be strictly enforced. "Lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case." This order may be modified at such time that the case is determined to be at issue. Fla. R. Civ. P. 1.440.

**ORDERED** in Alachua County, Florida, on April 23, 2021.

Mark W. Moseley, Chief Judge
on behalf of all presiding Eighth Circuit civil judges

I HEREBY CERTIFY that I have read and will comply with the foregoing standing order and shall cause it to be filed and served, contemporaneously with the complaint, on all named defendants.

_M. Jesse Stern. Esq_                                    2/9/23

Plaintiff or Plaintiff's Counsel                      Date

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT**
**IN AND FOR ALACHUA COUNTY, FLORIDA**

FRANK TETI

   Plaintiff,

v.

CASE NO.:

BLACK & DECKER (U.S.), INC., a foreign
corporation

   Defendants.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF FIRST INTERROGATORIES
### TO DEFENDANT, BLACK & DECKER (U.S.), INC.

  The Plaintiff, FRANK TETI, by and through the undersigned attorneys, hereby files this Notice

of Service of First Interrogatories directed to Defendant BLACK & DECKER (U.S.), INC., a foreign

corporation in accordance with the Rule 1.340, Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed on the

9th day of February, 2023 via service of process simultaneously together with the service of

Summons and Amended Complaint in the above action.

*/s/ M. Jesse Stern, Esq.*
**C. RICHARD NEWSOME, ESQ.**
Florida Bar No.: 827258
**M. JESSE STERN, ESQ.**
Florida Bar No.: 118440
**NEWSOME MELTON**
201 South Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282
*Email:* stern@newsomelaw.com
melanie@newsomelaw.com

zoraida@newsomelaw.com
sandy@newsomelaw.com

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT, BLACK & DECKER (U.S.), INC.

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

(As used herein, "Subject Blower" refers to the Black & Decker BV6600 Electric blower/vacuum/mulcher.

1.    Please state the name and address of each person who answered these interrogatories, or who furnished information incorporated in such answers, or who assisted in the preparation of such answers, and state the relationship of each person to the Defendant.

**ANSWER:**

2.    Please identify all policies of insurance, including any excess and umbrella policies, which may provide coverage for the incident described in the complaint, including in your answer:

a. The name of the insurer;

b. The name of the insured;

c. The limits of liability coverage;

d. A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement;

e. The effective dates of any policy disclosed.

**ANSWER:**

3.    For the Subject Blower, please state the name and address of the company responsible for:

a. Design;

b. Materials Selection;

c. Distribution;

d. Quality Control;

e. Import to the United States;

f. Any and all information relating to the certification that the Blower complies with all applicable standards and regulations.

**ANSWER:**

4. Please describe all testing performed on the Black & Decker Blower that are the same or substantially similar as the Subject Blower, whether or not it was performed by you.

**ANSWER:**

5. Please describe the quality control procedures employed related to the Subject Blower.

**ANSWER:**

6. Please identify the material used for the construction of the Subject Blower.

**ANSWER:**

7. Describe in detail, each act or omission on the part of Plaintiff you contend constituted negligence that was a contributing legal cause of the incident in question.

**ANSWER:**

8.    Do you contend that Plaintiff misused the Subject Blower and that this caused or contributed to his injuries? If you answer in the affirmative, please describe in detail the nature of the alleged misuse, and explain how the misuse caused or contributed to Plaintiff's injuries.

**ANSWER:**

9.    Please identify any product(s) sold by Black & Decker, or any of its affiliated companies, that is the same or substantially similar to the Subject Blower. In your response, please state:

    a.   Product Brand; and
    b.   Product Item and Serial Number(s);

**ANSWER:**


10.   Please identify every other incident known to you involving an Black & Decker Blowers or substantially similar products, that failed in a similar manner, causing injury to a user or operator of the Blower. Please include in your answer the date of occurrence, a description of the product involved, a description of the tool in use at the time of the incident, the injuries sustained.

**ANSWER:**


11.   For any lawsuit filed against you alleging injury caused by the failure of the Blower or substantially similar product, please provide the case style, case number, court where the case was filed and the current disposition of the case.

ANSWER:


12.   Please identify the entity/entities who manufactured the Black & Decker BV6600 Electric blower/vacuum/mulcher, the plants where Blower was manufactured, and state the years each entity/entities manufactured subject Blower or blowers substantially similar to the subject Blower.

**ANSWER:**

BY:_____

As _____

For BLACK & DECKER (U.S.), INC.

STATE OF FLORIDA                    )
                                    )
COUNTY OF _____ )


**THE FOREGOING INSTRUMENT** was acknowledged before me this _____ day of

_____, 2023  , by _____ who is personally

known to me or who has produced _____ as identification, and who

did swear the following oath:


_____
NOTARY PUBLIC
State of Florida at Large
(seal)

**IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA**

FRANK TETI

       Plaintiff,

v.

                                   CASE NO.:

BLACK & DECKER (U.S.), INC., a foreign
corporation

       Defendants.

_____/

**PLAINTIFF'S NOTICE OF SERVICE OF FIRST REQUEST FOR PRODUCTION**

**TO DEFENDANT, BLACK & DECKER (U.S.), INC.**

**COME NOW**, Plaintiff, FRANK TETI, by and through undersigned counsel, pursuant to

Florida Rules of Civil Procedure 1.350, propounds the following Request for Production to

Defendant, BLACK & DECKER (U.S.), INC., to produce at 201 South Orange Avenue, Suite

1500, Orlando, FL 32801, within forty-five (45) days of the date of service hereof, the following:

      1.     Please produce the specifications and tolerances for the Black and Decker BV6600
Electric blower/vacuum/mulcher ("Subject Blower").

**RESPONSE:**

      2.     Please produce the design drawings and schematics relating to the Subject Blower.
**RESPONSE:**

      3.     Please produce the documents, manuals, warranties, instructions, and other

materials relating to the Subject Blower.

**RESPONSE:**

4.     Please produce the warnings relating to the Subject Blower.

**RESPONSE:**

5.     Please produce a copy of any and all policies of insurance providing coverage to you for the damages claimed in Plaintiff's complaint including any insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, included but not limited to a certified copy of. The declarations sheet as to each such policy.

**RESPONSE:**

6.     Please produce the indemnity contracts which may relate to the incident forming the basis of Plaintiff's complaint.

**RESPONSE:**

7.     Please produce the settlement demands, correspondence, or similar documents which relate to an injury allegedly suffered due to the failure the Subject Blower  which is of the same or substantially similar model-type to the Subject Blower.

**RESPONSE:**

8.     Please produce the complaint and discovery served in lawsuits involving an injury allegedly suffered due to the failure of a Subject Blower which is the of the same or substantially similar model-type to the Subject Blower.

**RESPONSE:**

9.     Please produce the warranty claims relating to a Subject Blower which are of the same or substantially similar model-type to the Subject Blower.

**RESPONSE:**

10.     Please provide the documents relating to the purchase, import, and distribution of the Subject Blower that is the subject of this lawsuit.

**RESPONSE:**

11.    Please provide the advertisements, brochures, or similar materials which reference or discuss the model of Subject Blower.

**RESPONSE:**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing has been furnished via service of process simultaneously together with the service of Summons and Amended Complaint in the above action.

<u>*/s/ M. Jesse Stern, Esq.*</u>
**C. RICHARD NEWSOME, ESQ.**
Florida Bar No.:  827258
**M. JESSE STERN, ESQ.**
Florida Bar No.: 118440
**MELANIE M. PENAGOS, ESQ**.
Florida Bar. No.: 1031833
**NEWSOME MELTON**
201 South Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282
*Email:* stern@newsomelaw.com
penagos@newsomelaw.com
zoraida@newsomelaw.com
sandy@newsomelaw.com

3

## IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
## IN AND FOR ALACHUA COUNTY, FLORIDA

FRANK TETI,

       CASE NO.:

     Plaintiff,

v.

BLACK & DECKER (U.S.), INC., a foreign
profit corporation,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

     **TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:** You are hereby

commanded to serve this summons and copy of the complaint in this action on defendant:

**BLACK & DECKER (U.S.), INC.,**
**c/o REGISTERED AGENT, Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

     Each Defendant is required to serve written defenses to the complaint or petition on **M. JESSE STERN, ESQ.**, Plaintiff's Counsel, whose address is 201 S. Orange Avenue, Suite 1500, Orlando, FL 32801, within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's Counsel or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

     Witness my hand and seal of this Court on this _____ day of _____, 2023.

By: _____
Clerk of said Court

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of the court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, property, and money may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). Also, you may call your insurance company representative if you believe you are covered for this loss.

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres demanda a tiemp, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisites legales. Si lo desea, puede usted consultar a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo teimpo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judicares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cetta citation pour deposer una reponse ecrite a la plainte ci- jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommes ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite de le relai requis, vous risqué de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocet. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme una reponse ecrite, il vous faudra egalement , en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocet) nomme cidessous.

**REPLY TO:**     M. JESSE STERN, ESQ.,
201 S. ORANGE AVE, SUITE 1500
ORLANDO, FLORIDA 32801

2